UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES SECURITIES**
**AND EXCHANGE COMMISSION,**

                                  Case No. 2:18-cv-12473-SFC-DRG

        **Plaintiff,**

        v.                               HONORABLE SEAN F. COX

                                  HONORABLE DAVID R. GRAND

**JOHN C. MACCOLL,**

        **Defendant.**

_____/

**FINAL JUDGMENT AS TO DEFENDANT JOHN C. MACCOLL**

The Securities and Exchange Commission having filed a Complaint and Defendant John C. Maccoll ("Defendant Maccoll") having entered a general appearance; consented to the Court's jurisdiction over Defendant Maccoll and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Maccoll is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Maccoll's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Maccoll or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Maccoll is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Maccoll's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Maccoll or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Maccoll is liable for disgorgement of $3,406,003, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest of $170,923, for a total of $3,576,926. Defendant Maccoll's payment obligation shall be deemed satisfied by the Order of Restitution entered against him in *United States v. John Maccoll*, Crim. No. 2:18-cr-20551(E.D. Mich.)(BAF) docket entry 18.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Maccoll is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Maccoll shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Maccoll, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Maccoll under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Maccoll of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IT IS SO ORDERED.


Dated: September 3, 2019               s/Sean F. Cox
                                       Sean F. Cox
                                       U. S. District Judge